```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/5/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA            :
                                    :
                                    :  PROTECTIVE ORDER ON CONSENT
            -v-                     :
                                    :  12 Cr. 659 (LAK)
                                    :
EVAN ZAUDER,                        :
                                    :
            Defendant.              :
                                    :
------------------------------------x

Upon the application of the United States Attorney for the Southern District of New York and EVAN ZAUDER, the defendant herein, for the entry of a Protective Order, and for good cause shown,

IT IS HEREBY ORDERED THAT:

1.  Any documents that contain identifying information--including but not limited to, names, email addresses, usernames for any electronic communications service, physical addresses, websites, and telephone numbers of any protected person (including any victim or alleged victim, whether or not charges are brought related to that person, and any friend or family member of any of the above)--provided by the Government to the defendant pursuant to Federal Rule of Criminal Procedure 16, Title 18, United States Code, Section 3500, *Brady v. Maryland*, or *United States v. Giglio*, are deemed confidential ("Confidential Information").  Confidential Information

disclosed to the defendant and/or his counsel during the course of proceedings in this action:

    a. Shall be used by the defendant and/or his counsel solely for purposes of this criminal action;

    b. Shall not be disclosed in any form by the defendant and/or his counsel to members of the media, posted on the Internet, or used for any commercial or business purpose;

    c. Shall not be disclosed in any form by the defendant and/or his counsel except as set forth in paragraph 2 below.

2. Confidential Information may be disclosed by the defendant and/or his counsel only to the following designated persons: (i) all personnel employed or retained by the defendant's counsel; (ii) independent expert witnesses or advisors retained, pursuant to a written retainer agreement, by the defendant and/or his counsel in connection with the criminal case; (iii) prospective witnesses, and their counsel, to the extent deemed necessary by defense counsel, for trial preparation; and (iv) such other persons as hereafter may be authorized by the Government or by order issued by any Court. Confidential Information may not be given to or remain in the custody of prospective witnesses.

3. The defendant and/or his counsel shall provide a copy of this Order to the designated persons to whom they disclose Confidential Information pursuant to subparagraphs 2(i)-(iv). Designated persons shall be subject to the terms of this

Order.  The defendant and/or his counsel shall maintain a record of all such persons who have received Confidential Information.

4. The defendant and/or his counsel shall store Confidential Information in a secure place and shall use reasonable care to ensure that the Confidential Information is not disclosed or disseminated to any third parties in violation of this Protective Order.  In the event of an inadvertent disclosure of Confidential Information, the defendant and/or his counsel shall promptly notify the Court and the Government as to the identity of the recipient of the inadvertently produced Confidential Information and shall use all reasonable efforts to secure the return or destruction of the inadvertently produced Confidential Information.

5. The defendant and/or his counsel agree that they have no ownership interest in the materials subject to this Protective Order.  The defendant and/or his counsel further agree that all such materials are to be returned to the Government at such time as they are no longer needed in this action, at the end of the criminal proceeding, or upon Order of the Court, whichever occurs first.

6. The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial held in this action, any appeal therefrom, or to any Judge or Magistrate Judge of this Court or the Court of

Appeals for purposes of this action, except that defense counsel may retain such materials as are annexed to pleadings filed with the Court or the Court of Appeals in this case.

7. The defendant and/or his counsel will abide by the restrictions set forth in this Order unless the defendant and/or his counsel makes a written request to the Government for an exception to these restrictions, and such a request is granted. The Government shall make all reasonable efforts to accommodate such exceptions. If such exceptions are refused, the defendant and/or his counsel may seek relief from the Court.

8. This Order may be signed in counterparts and transmitted by facsimile and/or electronic copy, each of which counterparts will be deemed to be an original and which taken together will constitute the Order.

AGREED AND CONSENTED TO:

Dated: New York, New York
       10/4    , 2012

PREET BHARARA
UNITED STATES ATTORNEY

BY: _____
    Paul M. Monteleoni
    Assistant United States Attorney

Dated: New York, New York
       10.4.12   , 2012

_____
Benjamin Brafman, Esq.
(Counsel for Evan Zauder)

SO ORDERED:

_____
HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

10/4/12