D1m1zaup

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                          12-CR-659 (LAK)

5    EVAN ZAUDER,

6              Defendant.                  Plea

7    ------------------------------x

8                                          New York, N.Y.
                                           January 23, 2013
9                                          3:35 p.m.

10

     Before:
11
                         HON. LEWIS A. KAPLAN,
12
                                           District Judge
13

14                       APPEARANCES

15   PREET BHARARA
          United States Attorney for the
16        Southern District of New York
     HARRY A. CHERNOFF
17        Assistant United States Attorney

18   BRAFMAN & ASSOCIATES, P.C.
          Attorneys for Defendant
19   BY:  BENJAMIN BRAFMAN, ESQ.
          JOSHUA D. KIRSHNER, ESQ.
20

21   ALSO PRESENT:  CINDY WOLFF, FBI

22

23

24

25

D1m1zaup

```
 1              (In open court; case called)
 2              THE CLERK:  Government, are you ready?
 3              MR. CHERNOFF:  Yes.  Harry Chernoff for the
 4    government, standing in for AUSA Paul Monteleoni.
 5              THE COURT:  Good afternoon.
 6              MR. CHERNOFF:  Good afternoon, your Honor.  With me at
 7    counsel table is Cindy Wolff with the FBI.
 8              THE CLERK:  Defendant, are you ready?
 9              MR. BRAFMAN:  Yes.  Good afternoon, your Honor.
10    Benjamin Brafman and Josh Kirshner for Mr. Zauder, who is
11    present.
12              THE COURT:  Good afternoon.
13              Andy, would you swear the defendant.
14              THE CLERK:  Mr. Zauder, would you please rise and
15    raise your right hand.
16              (Defendant sworn)
17              THE CLERK:  Thank you.  Please be seated.
18              THE COURT:  Mr. Zauder, I understand that you wish to
19    enter a plea of guilty; is that correct?
20              THE DEFENDANT:  Yes, your Honor.
21              THE COURT:  Before I accept your plea, I'm going to
22    ask you some questions to establish to my satisfaction that you
23    really are guilty, that you really wish to plead guilty, and
24    that you're not doing this for some other reason.  If you don't
25    understand any of my questions or for any other reason you want
```

D1m1zaup

1    to consult with counsel at any point, just let me know, okay?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  Do you understand that you're now under

4    oath and that if you answer any of my questions falsely, your

5    answers later may be used against you in another prosecution

6    for perjury or making a false statement?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  How old are you?

9              THE DEFENDANT:  I'm 27 years old.

10             THE COURT:  How far did you get in school?

11             THE DEFENDANT:  I nearly attained a double master's

12   degree.

13             THE COURT:  Are you under the care of a doctor or a

14   psychiatrist or have you been within the last 30 days?

15             THE DEFENDANT:  Yes, your Honor, a psychiatrist.

16             THE COURT:  And is that a recent thing, seeing a

17   psychiatrist, or has that been going on for more than 30 days?

18             THE DEFENDANT:  It's been going on for more than 30

19   days, your Honor.

20             THE COURT:  Thank you.  Have you in the last 24 hours

21   had any medicine, pills, narcotics, or alcohol?

22             THE DEFENDANT:  No, your Honor.

23             THE COURT:  Is your mind clear this afternoon?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  Does either counsel have any doubts as to

D1m1zaup

```
1    the defendant's competence?
2              MR. CHERNOFF:  No, your Honor.
3              MR. BRAFMAN:  No, sir.
4              THE COURT:  I find on the basis of his responses to my
5    questions that the defendant is fully competent to enter an
6    informed plea.
7              Do you understand that you have a constitutional right
8    to be charged only on an indictment returned by a grand jury
9    but that you've waived that right and consented to being
10   charged solely on the basis of an information signed by the
11   United States Attorney?
12             THE DEFENDANT:  Yes, your Honor.
13             THE COURT:  You should find before you a document
14   marked Court Exhibit A, which is a document that purports to
15   waive your right to be indicted and to consent to being
16   prosecuted on the basis of an information.  Do you have Court
17   Exhibit A there?
18             THE DEFENDANT:  Yes, your Honor.
19             THE COURT:  And is that your signature on it?
20             THE DEFENDANT:  Yes, your Honor.
21             THE COURT:  Did you read it before you signed it?
22             THE DEFENDANT:  Yes, your Honor.
23             THE COURT:  Did you consult fully with your attorney
24   before you signed it?
25             THE DEFENDANT:  Yes, your Honor.
```

D1m1zaup

```
 1              THE COURT:  Did you knowingly and voluntarily make

 2     this waiver?

 3              THE DEFENDANT:  Yes, your Honor.

 4              THE COURT:  Now you're represented here by

 5     Mr. Brafman; is that right?

 6              THE DEFENDANT:  Yes, your Honor.

 7              THE COURT:  Have you had an adequate opportunity to

 8     discuss your case with him?

 9              THE DEFENDANT:  Yes, your Honor.

10              THE COURT:  Are you satisfied with him and his

11     colleagues and with their representation of you in this case?

12              THE DEFENDANT:  Yes, your Honor.

13              THE COURT:  I'm now going to describe your rights

14     under the Constitution and laws.  Please listen carefully.  At

15     the end I'm going to ask you whether you've understood what

16     I've said.

17              You're entitled to a speedy and public trial by jury

18     on the charges contained in the information against you.  If

19     there were a trial, you would be presumed innocent.  The

20     government would have to prove you guilty by competent evidence

21     and beyond a reasonable doubt before you could be found guilty.

22     You would not have to prove that you're innocent.  You would be

23     entitled to be represented by a lawyer at every stage of your

24     case.  If you couldn't afford a lawyer, a lawyer would be

25     appointed for you at government expense.  The government would
```

D1m1zaup

have to bring its witnesses into court.  They would have to

testify here in your presence.  Your lawyer could cross-examine

the government's witnesses and object to evidence offered by

the government and offer evidence in your defense.  You would

have the right to the issuance of subpoenas, which would compel

the attendance of witnesses here to testify in your defense,

anyone within the court's geographical power.  You would have

the right to testify in your own defense if you wished to do

that.  You would also have the right not to testify if you

elected not to testify, and no inference of guilt could be

drawn from that fact.  You have the right to persist in your

earlier plea of not guilty even now, but if you plead guilty

and I accept the plea, there will be no trial of any kind, you

will waive your right to a trial and the other rights that I've

just mentioned, and I'll enter a judgment of guilty and

sentence you on the basis of your guilty plea, after

considering the presentence report.  You'll also have to waive

your right not to incriminate yourself because I will ask you

questions about what you did in order to satisfy myself that

you really are guilty as charged.

        Do you understand what I've said so far?

        THE DEFENDANT:  Yes, your Honor.

        THE COURT:  Any questions?

        THE DEFENDANT:  No, your Honor.

        THE COURT:  Have you received a copy of the

D1m1zaup

information number S1 12-CR-659, which contains the written

charges against you?

          THE DEFENDANT:  Yes, your Honor.

          THE COURT:  Have you discussed fully with your

attorneys the charges in the information to which you intend to

plead guilty?

          THE DEFENDANT:  Yes, your Honor.

          THE COURT:  Do you understand that you're charged in

Count One with using a computer to entice a minor aged 14 or 15

years old to engage in sexual activity that constituted sexual

assault under the law of the state of New Jersey and then

attempting to induce the minor to do so again, all in violation

of 18 United States Code Section 2422(b)?

          THE DEFENDANT:  Yes, your Honor.

          THE COURT:  I'm going to ask Mr. Chernoff to state the

elements of the charge.

          MR. CHERNOFF:  Your Honor, the elements of a violation

of Title 18 United States Code Section 2442(b) are: first, that

the defendant used --

          THE COURT:  2422.

          MR. CHERNOFF:  I'm sorry.  I misspoke, your Honor.

Yes, 2422 is charged in Count One of the information.

          First, the defendant used a means or facility of

interstate commerce to persuade, induce, or entice an

individual to engage in sexual activity, or to attempt to do

D1m1zaup

so; second, that the individual was in fact less than 18 years

of age; and third, that any person could have been charged with

a criminal offense, in this case the alleged sexual assault in

violation of New Jersey statutes as specified in the

information, for that activity; and fourth, that the defendant

acted knowingly.

            THE COURT:  Thank you.

            Now, sir, Mr. Zauder, do you understand that in order

to convict you on Count One, the government would have to prove

each of the elements Mr. Chernoff just described beyond a

reasonable doubt?

            THE DEFENDANT:  Yes, your Honor.

            THE COURT:  Do you understand that the maximum

possible penalty for this crime is life in prison, that there

is a mandatory minimum sentence of ten years' imprisonment, and

then in addition, you could be required to pay a fine of the

greater of $250,000, twice the gross gain or twice the gross

loss, that you could be required to make restitution, that you

would have to pay a mandatory special assessment of a hundred

dollars, that there is a maximum term of supervised release of

life with a mandatory minimum term of supervised release of

five years, and that if you were released on supervision and

violated the terms of your release, you could be sent back to

jail for as long as the rest of your life, or some shorter

period of years, without any credit for time served on

D1m1zaup

1    supervision?  Do you understand that?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  Do you understand that you're charged in

4    Count Two with receiving and distributing computer files

5    containing child pornography over the internet via a Skype file

6    transfer, in violation of 18 United States Code Sections

7    2252(a)(1) and 2252A(a)(2)(B)?  Do you understand that's the

8    charge?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  The elements, please, Mr. Chernoff?

11             MR. CHERNOFF:  Your Honor, there are two ways the

12   government could prove a violation of the offense charged in

13   Count Two.  First, by proving the defendant knowingly mailed,

14   transported, or shipped at least one item of child pornography;

15   second, that the defendant knew the general nature, character,

16   and content of that child pornography; and third, that the

17   material containing the child pornography was mailed,

18   transported, or shipped in interstate commerce or by means or

19   facility of interstate or foreign commerce, such as a computer.

20             The alternative way to prove violation of Count Two

21   would be: first, the defendant knowingly received or

22   distributed at least one item of child pornography or

23   containing child pornography; second, that he knew the general

24   nature, character, and content of the child pornography; and

25   third, that this child pornography had been mailed using a

D1m1zaup

```
1     means or facility of interstate or foreign commerce, including
2     by computer.
3              THE COURT:  Mr. Zauder, do you understand that in
4     order to convict you of Count Two, the government would have to
5     prove all of the elements of at least one of the two
6     alternative theories that Mr. Chernoff outlined beyond a
7     reasonable doubt?
8              THE DEFENDANT:  Yes, your Honor.
9              THE COURT:  Do you understand that the maximum
10    possible penalty on Count Two is 20 years' imprisonment, a fine
11    of the same formulaic size as that with respect to Count One,
12    an order of restitution, a mandatory special assessment of a
13    hundred dollars, and a term of supervised release exactly the
14    same as on Count One, with a mandatory minimum period on
15    supervised release of five years, which I'm sure is the same as
16    well?  Do you understand that?
17             THE DEFENDANT:  Yes, your Honor.
18             THE COURT:  Do you understand that there is a
19    mandatory minimum sentence on of at least five years in jail on
20    Count Two?
21             THE DEFENDANT:  Yes, your Honor.
22             THE COURT:  Do you understand that you're charged in
23    Count Three with possessing on three separate computers and DVD
24    files containing child pornography, in violation of 18 United
25    States Code Section 2252A(a)(5)(B)?  Do you understand that's
```

D1m1zaup

1    the charge?

2            THE DEFENDANT:  Yes, your Honor.

3            THE COURT:  Mr. Chernoff, the elements, please?

4            MR. CHERNOFF:  Your Honor, the elements of the offense

5    charged in Count Three are: first, that the defendant knowingly

6    possessed child pornography; second, that the child pornography

7    was mailed or transported in interstate commerce, or by using a

8    means of interstate commerce, including by a computer; and

9    third, that the defendant knew the general nature, character,

10   and content of this child pornography.

11           THE COURT:  Thank you.

12           Do you understand, Mr. Zauder, that in order to

13   convict you on Count Three, the government would have to prove

14   each of the elements Mr. Chernoff just described beyond a

15   reasonable doubt?

16           THE DEFENDANT:  Yes, your Honor.

17           THE COURT:  Do you understand that the maximum

18   possible penalty on Count Three is exactly the same as that on

19   Count Two except that the maximum term of imprisonment is 10

20   years rather than 20?

21           THE DEFENDANT:  Yes, your Honor.

22           THE COURT:  Do you understand that you will be

23   sentenced on each one of these counts?

24           THE DEFENDANT:  Yes, your Honor.

25           THE COURT:  Do you understand that the sentences could

D1m1zaup

1    be imposed to run concurrently, that is to say, all at the same

2    time, or consecutively, that is to say, one right after the

3    other?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  Do you understand that if you were

6    sentenced to serve the terms on all three counts consecutively,

7    the sentence you actually would serve would be the total of the

8    sentences on each of the three counts?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  Do you understand that as a result of your

11   plea that you could be sentenced to spend the rest of your life

12   in prison?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  I'm now going to describe the sentencing

15   process.  Your lawyer probably has reviewed this with you

16   already, but it's my job to explain it to you as well.

17             The law requires that the sentence in this case be

18   imposed in accordance with the Sentencing Reform Act and that

19   it takes into account the US Sentencing Guidelines.  The

20   guidelines require that the court take into account the actual

21   conduct in which you've engaged and may be more expansive than

22   that which is charged in the information, to consider the

23   victim or victims of your offense, if there were any, the role

24   that you played, whether you've engaged in any obstruction of

25   justice, and whether you've accepted responsibility for your

D1m1zaup

1    acts.  They also require that the court consider your criminal

2    history, if you have one.  The guidelines provide for a range

3    of a minimum and maximum number of months of imprisonment.  You

4    may but you need not be sentenced within that range.  The court

5    must consider that guideline range and other factors enumerated

6    in the Sentencing Reform Act, but it is not bound by the

7    Sentencing Guidelines.  The one thing you can be sure of is

8    that the court cannot sentence you to more than the statutory

9    maximum that I've just finished describing to you.

10           The probation office will prepare a written report

11   setting forth the results of an investigation that it will

12   conduct into your background and the offenses to which you're

13   pleading guilty.  It's only after it does that that the

14   probation office will inform the court and you and your counsel

15   of what it thinks the applicable guideline range is.

16           I understand that you may have entered into a plea

17   agreement with the government, and we're going to discuss that

18   in a minute.  I understand also that it contains stipulations,

19   or agreements, to use another word, regarding the application

20   of the Sentencing Guidelines in this case.  You must understand

21   that the sentencing stipulations are not binding on the court

22   or the probation office or the government.  The government, if

23   it finds out later on that the facts are different than it

24   thought, is not bound by what it's agreed to.  As far as the

25   court's concerned, the court may accept these stipulations or

D1m1zaup

1    not, as it sees fit.  You need to understand for certain right

2    now that it is up to the court and the court alone to decide

3    your sentence.  There is no way that there is anything about

4    the sentence that can be said to you definitively right now nor

5    about the guideline range, for that matter, with the exception

6    that the maximum term of imprisonment can't be more than life

7    and that the other terms of the sentence that I've described to

8    you can't be more than the statutory maximum.  If anybody has

9    attempted to predict to you what your guideline range will be,

10   that prediction could be wrong.  They may or may not have all

11   the information the court will have when you are sentenced.  In

12   any case, as I said, that range is not binding on the court.

13          It's important that you understand that you will not

14   be able to withdraw your guilty plea on the ground that any

15   prediction as to the guideline range that you may have heard

16   turns out to be wrong or if the court decides not to accept the

17   sentencing stipulation or if the court imposes a sentence above

18   the guideline range.

19          Do you understand everything I've said?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  Any questions?

22          THE DEFENDANT:  No, your Honor.

23          THE COURT:  Has anyone offered you any inducements or

24   threatened you or anyone else or forced you in any way to plead

25   guilty?

D1m1zaup

1          THE DEFENDANT:  No, your Honor.

2          THE COURT:  Now I understand that you have before you

3   a letter from the United States Attorney's Office addressed to

4   your attorney dated January 15th, 2013, the original of which

5   should be before you, and it's marked as Court Exhibit B.  And

6   I understand it to be the plea agreement.  Do you have that

7   document there?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  Is that the plea agreement?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  Did you sign it on the last page?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  And that's your signature there; right?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  Did you consult fully with your attorney

16   before you signed it?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  Did he answer all your questions?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  Has anyone made any promises other than

21   what's in that document, Court Exhibit B, that induced you to

22   plead guilty?

23          THE DEFENDANT:  No, your Honor.

24          THE COURT:  Has anyone made any promises or assurances

25   to you as to what your sentence will be?

D1m1zaup

1          THE DEFENDANT:  No, your Honor.

2          THE COURT:  Now I draw your attention in particular to

3    the second full paragraph on page 5.  Starts out with the

4    words, "It is agreed."  Do you have it there?

5          THE DEFENDANT:  I will in a moment.

6          Yes.  Yes, your Honor, I have the form.

7          THE COURT:  It there provides that you have waived the

8    right to appeal or to seek any modification or otherwise to

9    challenge any sentence that is within or below the stipulated

10   guideline range.  Did you so agree?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  Did you do so knowingly and voluntarily?

13         THE DEFENDANT:  Yes, your Honor.

14         THE COURT:  Do you understand that the guideline range

15   that is stipulated here is 262 to 327 months' imprisonment?

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  Do you understand that if you are

18   sentenced to 327 months in jail or less, you may not appeal,

19   seek modification of, or challenge that sentence?

20         THE DEFENDANT:  Yes, your Honor.

21         THE COURT:  Do you understand that under the terms of

22   this agreement, you have waived the right to attack your

23   sentence on grounds, among others, that the government failed

24   to make proper discovery, that the government failed to turn

25   over statements of witnesses, that the government failed to

D1m1zaup

1    turn over exculpatory material, and that the government failed

2    to turn over any information that might tend to establish your

3    factual innocence or that might be used to attack the

4    credibility of witnesses who might have appeared against you?

5    Do you understand all that?

6              THE DEFENDANT:  Yes, your Honor.

7              THE COURT:  Did you, as charged in Count One of the

8    information, at some point or points between April 14th and

9    November 20, 2011, knowingly use a computer and the internet to

10   persuade, induce, entice, and coerce an individual who had not

11   yet attained the age of 18 years to engage in sexual activity

12   for which a person can be charged with a criminal offense,

13   specifically, sexual assault, in violation of

14   Section 2C:14-2(c)(4) of the New Jersey statutes?  Did you do

15   that?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  Please tell me in your own words what it

18   is you did that in your mind makes you guilty of Count One of

19   the information.

20             THE DEFENDANT:  Between on or about April 14th, 2011

21   and on or about November 20th, 2011, I knowingly used a

22   computer and the internet in Manhattan and elsewhere to attempt

23   to entice and entice a person in New Jersey who was under 18

24   years old and who I believed to be between 14 and 15 years old

25   to engage in sexual activity, in violation of New Jersey law.

D1m1zaup

1          THE COURT:  Did you know at the time that what you did

2     was wrong and that it was unlawful?

3          THE DEFENDANT:  Yes, your Honor.

4          THE COURT:  Did you, as charged in Count Two of the

5     information, between on or about December 24th, 2010 and on

6     or about May 18th, 2011, in the Southern District of New

7     York, which includes, among other places, Manhattan, the Bronx,

8     and Westchester, and elsewhere, knowingly mail and transport

9     and ship, using a means and facility of interstate and foreign

10    commerce and did in and affecting interstate and foreign

11    commerce, by any means, including by computer, child

12    pornography and receive and distribute materials that contained

13    child pornography that had been mailed and using a means or

14    facility of interstate and foreign commerce, ship and transport

15    in and affecting interstate and foreign commerce by means

16    including a computer, child pornography, specifically, child

17    pornography embodied in data files from a Macintosh desktop

18    computer in Manhattan over the internet via a Skype or more

19    Skype file transfers?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  Please tell me in your own words what you

22    did that in your mind makes you guilty of Count Two.

23          THE DEFENDANT:  Between on or about December 24th,

24    2010 and on or about May 18th, 2011, I received and

25    distributed electronic files containing child pornography from

D1m1zaup

1    my computer in Manhattan and elsewhere.

2              THE COURT:  Did you, as charged in Count Three of the

3    information, on or about May 1, 2012, in the Southern District

4    of New York, knowingly possess and access with intent to view a

5    book, magazine, periodical, film, videotape, computer disc, and

6    other materials that contained an image of child pornography

7    that had been mailed and shipped and transported using a means

8    and facility of interstate and foreign commerce and in and

9    affecting interstate and foreign commerce by computer and that

10   was produced using materials that had been mailed and shipped

11   and transported in and affecting interstate or foreign commerce

12   by means of a Macintosh desktop computer, a MacBook Air laptop

13   computer, a MacBook laptop computer, and a Memorex DVD, all

14   containing files containing child pornography?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  What did you do in connection with the

17   acts charged in Count Three?

18             THE DEFENDANT:  On or about May 1st, 2012, I

19   possessed child pornography on four electronic devices in

20   Manhattan.  My actions were in violation of the law, and I knew

21   that my actions were wrong, and I deeply regret my actions and

22   accept full responsibility for my conduct.

23             THE COURT:  Is the allocution satisfactory to the

24   government?

25             MR. CHERNOFF:  Yes, your Honor.

D1m1zaup

<table>
<tr><td>1</td><td>THE COURT:  Does the government wish to add anything?</td></tr>
</table>

1          THE COURT:  Does the government wish to add anything?

2          MR. CHERNOFF:  Your Honor, just with respect to Count

3  Three, if we could confirm the defendant's understanding as

4  indicated in the plea agreement that there is no mandatory

5  minimum term of imprisonment for Count Three only.

6          THE COURT:  Do you so understand, Mr. Zauder?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  How do you now plead to the charges

9  contained in Counts One, Two, and Three of the information;

10  guilty or not guilty?

11          THE DEFENDANT:  Guilty, your Honor.

12          THE COURT:  And are you pleading guilty to each of

13  those charges because you are in fact guilty?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  I accept the plea of guilty and will enter

16  a judgment of guilty because the defendant acknowledges that

17  he's guilty as charged, he knows that he has a right to a

18  trial, he knows what the maximum possible sentences are, he

19  knows what the mandatory minimum sentences are, and he has

20  heard and understood the sentencing process.  I find that the

21  plea is informed and voluntary and is fully supported by an

22  independent basis in fact, containing each of the essential

23  elements of the offenses.

24          Now, Mr. Zauder, the probation office, as I told you,

25  will be preparing a presentence report to assist me in

D1m1zaup

1   sentencing you.  You're going to be interviewed by the

2   probation officer who does that.  It's important that you be

3   truthful and accurate with the probation officer because the

4   report will play an important role in determining sentence.

5   You and your attorney will have the right to examine and

6   comment on the report and to speak on your behalf before

7   sentence is imposed.

8           Any written submissions on behalf of the defendant

9   must be submitted to chambers not less than 30 days before

10  sentencing, any response from the government is due not less

11  than two weeks before sentencing, any reply is due not less

12  than a week before sentencing.

13          The case is set for sentencing on May 22, 2013 at

14  4:00.

15          The government shall deliver the prosecution case

16  summary to the probation office within two weeks from today.

17  The defendant shall make himself available to be interviewed

18  within two weeks from today.

19          Now let me speak with counsel for a minute about

20  sentencing.  This is a somewhat, in my experience, unusual plea

21  agreement in that it reserves for the defendant the right to

22  seek a sentence outside the guideline range.  Am I correct in

23  that understanding?

24          MR. CHERNOFF:  Yes, your Honor.  Although the parties

25  agreed to the stipulated guidelines range in the plea

D1m1zaup

| | |
|---|---|
| 1 | agreement, both parties can seek sentences outside the |
| 2 | stipulated guidelines range based on 3553(a) factors. |
| 3 | MR. BRAFMAN:  That's correct. |
| 4 | THE COURT:  Is there any reason at all why I should |
| 5 | not consider, at the same time I'm considering what I |
| 6 | anticipate will be a request for a below guidelines sentence -- |
| 7 | right, Mr. Brafman? |
| 8 | MR. BRAFMAN:  Yes, your Honor. |
| 9 | THE COURT:  -- a downward departure *sua sponte*? |
| 10 | MR. BRAFMAN:  Your Honor, we are precluded by the |
| 11 | agreement from suggesting to the court why you should, but I'm |
| 12 | not certainly in a position to preclude the court from doing |
| 13 | what you think is appropriate.  What we believe we have agreed |
| 14 | with the government is to attach all of our arguments under |
| 15 | Section 3553 characteristics and then submit the sentencing |
| 16 | memo, but that's certainly not binding on the court. |
| 17 | THE COURT:  I understand that. |
| 18 | Mr. Chernoff? |
| 19 | MR. CHERNOFF:  Your Honor, I think we're in agreement. |
| 20 | The parties are in agreement that neither party will suggest |
| 21 | that your Honor *sua sponte* consider a downward departure. |
| 22 | THE COURT:  Is there any reason why I shouldn't right |
| 23 | now suggest it? |
| 24 | MR. CHERNOFF:  There is nothing in the plea agreement |
| 25 | that, of course, restricts your Honor. |

D1m1zaup

|    |    |
|----|----|
| 1  | THE COURT:  I know that.  It was very carefully |
| 2  | drafted that way.  Is there any reason why I should not right |
| 3  | now give you notice that I'm going to consider *sua sponte* a |
| 4  | downward departure on whatever grounds are asserted for a below |
| 5  | guidelines range -- |
| 6  | MR. CHERNOFF:  Your Honor -- |
| 7  | THE COURT:  -- which may or may not -- |
| 8  | MR. CHERNOFF:  There's no reason not to give the |
| 9  | parties notice, of course. |
| 10 | THE COURT:  I'm sorry? |
| 11 | MR. CHERNOFF:  There's no reason not to give the |
| 12 | parties notice.  Your Honor can consider that, and as the court |
| 13 | indicated, the parties will await the probation's investigative |
| 14 | report before -- |
| 15 | THE COURT:  I understand that.  It's simply that, as |
| 16 | I'm sure you understand, this is a matter of bookkeeping.  You |
| 17 | know, the Sentencing Commission reports what percentage of |
| 18 | cases judges depart downward and what percent of the cases |
| 19 | judges impose below guidelines sentences without a departure. |
| 20 | The difference is that one is regarded as a sentence within the |
| 21 | guidelines and one is not.  Various people put those statistics |
| 22 | to various purposes in various fora that have no connection to |
| 23 | what happens in the courtroom with the defendant but go to |
| 24 | other issues, and it seems to me that my hands ought not to be |
| 25 | tied to fitting anything I might or might not do into one |

D1m1zaup

1    pigeon hole or the other.  That's all I'm saying.

2             MR. BRAFMAN:  Your Honor, I agree.  I don't think the

3    court's hands can be tied, and I think whether you characterize

4    it as a departure or a variance, the ultimate sentence is --

5             THE COURT:  Going to be the same.

6             MR. BRAFMAN:  Right.

7             THE COURT:  Well, I said that perhaps too hastily.

8    Maybe yes, maybe no.

9             Consider yourself on notice, Mr. Chernoff.

10            MR. CHERNOFF:  Yes, your Honor.

11            THE COURT:  Okay.  I don't think we have any

12   substantive disagreement of a bookkeeping matter.

13            Now let me suggest to you that there are some things

14   that, just on the basis of what I have seen so far, have

15   suggested themselves as appropriate subjects for attention, and

16   I'm sure, given the caliber of the lawyers, both of whom have

17   been before me in the past, it would have been there anyway.

18            My understanding is that to some extent, at least, the

19   count that drives the sentence in this case is Count One, at

20   least to the extent that it has the highest mandatory minimum

21   of ten years.  Whether it drives it otherwise, I'm not sure.  I

22   haven't done that analysis yet.  On first reading, Count One

23   appears to me to charge under federal law what could have been

24   prosecuted by the state of New Jersey as statutory rape, for

25   which, if I understood the New Jersey statutes accurately, call

D1m1zaup

for a term of imprisonment of five to ten years, whereas the

federal variant is ten years minimum.  I think it would be an

appropriate subject of attention in considering sentence here

as to whether I've understood that correctly, first of all,

because I am not a New Jersey practitioner and just looked at

this quickly in preparation for this hearing, second of all,

what a term of years under New Jersey law, five years or ten

years or somewhere in between, actually means in terms of the

time that someone serves.  The federal system has no parole

anymore.  I know nothing about New Jersey in that respect.

That's certainly one element that I'd like to be enlightened

about so that I can reach the most informed judgment about

what's appropriate here.

        A second thing that I think would be extremely helpful

is that I have gathered already that not quite a majority but a

very substantial portion of sentences in child pornography

cases in the federal courts, in the most recent year of which

there are complete statistics published, were below the

guideline range.  And that's counting only below guideline

range sentences that the government didn't advocate.  If you

take those in which the government advocated a below guideline

range, it's a majority, maybe close to two thirds.  I would

really like to be educated on what the practices of my

colleagues really have been, including whether I'm correct in

understanding the statistics I think I read this morning and

D1m1zaup

moreover, information that I have not seen about the extent to
which the below guidelines sentences have actually varied from
the guidelines as opposed to the percentage of the cases, given
the ones that have varied, how much did they vary.  I didn't
see that information readily at hand.

Now I guess I ought to just conclude this by saying,
in terms of what actually happened here, I know no more of this
case than I have evidenced in my remarks.  That is to say, I
know what the charges are and the elements to which the
defendant has pleaded.  I don't know anything else.  I don't
know what the defendant's role in any distribution was, I don't
know anything about the young lady that apparently was enticed,
I know nothing else.  You shouldn't walk out of here thinking
that a below guidelines sentence or a downward departure is in
the bag or anything like it.  Simply understand that this is a
controversial area, I understand what I don't know, which is a
lot, and I want to be as informed as I can be by the time it
comes for me to make a judgment about what to do in the case.
That's in everybody's interests, I would think.

So I just wanted to share with you some things that
hit me right off the bat this morning.

Anything else, folks?

MR. BRAFMAN:  Yes.  Just so that the record is
correct -- I assume the government will do this if I did not --
there was a young man involved, not a young woman.

D1m1zaup

```
 1                THE COURT:  Forgive me for making an assumption.  A
 2     young man.
 3                MR. BRAFMAN:  I'm sorry, Judge.  And second, I promise
 4     the court that we will do everything we can to bring all of
 5     this pertinent information to your Honor's attention and
 6     additional information that we also believe should impact
 7     greatly on sentence.
 8                And just before I conclude, Judge, as an officer of
 9     the court and on behalf of the Zauder family, I just want to
10     thank you, sir, for agreeing to hear the plea personally.
11                THE COURT:  Part of my job.
12                MR. BRAFMAN:  Thank you, Judge.
13                THE COURT:  Okay.  Anything else?
14                Thank you.
15                MR. CHERNOFF:  Not for the government.  Thank you.
16                                 o0o
17
18
19
20
21
22
23
24
25
```